UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF LYNCH, et al.,<br><br>    Defendants. | No. 2:23-cv-00903 DB P<br><br><u>ORDER</u> |

Plaintiff, an inmate at Salinas Valley State Prison, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on May 15, 2023 (ECF No. 1), is before the court for screening. The complaint states a retaliation claim against defendant Alfaro. No other claims are cognizable as pleaded, but plaintiff is granted leave to amend. Within 30 days, plaintiff must inform the court how he will proceed.

**I.    In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). The motion is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of 20% of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "give the defendant fair notice of what the... claim is and the grounds upon which it rests." Id. In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

**III.     Allegations in the Complaint**

In or about August of 2018, at CSP-Sacramento, plaintiff was placed on restrictions to wear a bite mask and leg irons. (ECF No. 1 at 3.) Plaintiff alleges the defendants abuse their authority by keeping the bite mask on him. (Id. at 4.)

Sandra Alfaro, Director, implemented the restriction through January 30, 2023. (ECF No. 1 at 4.) Alfaro informed plaintiff she would remove the bite mask if plaintiff stopped filing grievances and lawsuits and stopped contacting the courts. (Id. at 3.)

A. Lozano, Director, refused twice to lift plaintiff's restrictions, stating the restrictions would remain until plaintiff was "115 RVR free" for three years. (ECF No 1 at 3.) Lozano mis-stated policy because plaintiff is on a case-by-case basis to be released from SHU. (Id.) Lozano also told plaintiff to "stop suing [illegible]." (Id.)

Ralph Diaz, Secretary, came to CSP-Sacramento and plaintiff was denied the opportunity to speak with Diaz. (ECF No. 1 at 3.) Lt. Baker told Diaz it was about plaintiff's bite mask and Diaz stated, "the crap giver needs us now, don't give him shit[.]" (Id.) Warden Jeff Lynch and Diaz both made plaintiff aware that if he did not pursue any more lawsuits, they would remove the mask. (Id.)

On May 29, 2018, plaintiff received a review of his bite mask placement. (ECF No. 1 at 4.) The restriction was not lifted because plaintiff is a litigator who files grievances, lawsuits, and applications for writs of habeas corpus. (Id. at 4.) Plaintiff has not bitten anyone. (Id.) The defendants claim plaintiff wears the bite mask because he throws water or headbutts officers, but neither claim is true. (Id.) Through this action, plaintiff seeks monetary damages and injunctive relief in the form of permanent removal of the bite mask. (Id. at 5.)

**IV.     Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a constitutional right or federal law under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Considering the applicable pleading standards and the elements of a retaliation claim under the First Amendment as set forth in the paragraph below, plaintiff states a cognizable claim against defendant Alfaro only.

A retaliation claim in the prison context has five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009); Watison v. Carter, 668 F.3d 1108, 1114 (2012). A plaintiff must first allege he engaged in protected conduct, such as the filing of an inmate grievance. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Second, the plaintiff must allege the defendant took adverse action against the plaintiff. Id. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Watison, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568-69 (internal quotation marks and emphasis omitted). Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A plaintiff successfully pleads a lack of valid penological purpose by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious or unnecessary to the maintenance of order in the institution. Watison, 668 F.3d at 1114-15.

Defendant Alfaro allegedly implemented plaintiff's bite mask restriction and informed plaintiff she would remove the restriction if plaintiff stopped filing grievances, lawsuits and contacting the courts. These allegations state a retaliation claim against defendant Alfaro only.

As currently pleaded, the complaint does not state a claim against any other defendant. An individual defendant is not liable for a civil rights violation unless the defendant had personal involvement in the constitutional deprivation or there existed a causal connection between the defendant's conduct and the alleged constitutional deprivation. See Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978); Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988); Monell v. Department of Social Services, 436 U.S. 658 (1978). Here, the complaint does not plead specific facts to show that any defendant other than Alfaro took an adverse action against plaintiff because of plaintiff's protected conduct.

A. Lozano, Director, allegedly refused to lift plaintiff's restrictions, misstated policy, and told plaintiff to "stop suing [illegible]." (ECF No. 1 at 3.) As best the court could guess, what is written is "stop suing in than yes." Lozano's alleged comment to plaintiff fails to state a

4

retaliation claim because, being illegible, it does not give fair notice of "what the... claim is and the grounds upon which it rests[.]" Twombly, 550 U.S. at 555. In addition, neither the alleged refusal to lift plaintiff's restrictions, by itself, nor the alleged misstatement of policy violated plaintiff's federal rights. Plaintiff alleges he received a review of his bite mask placement on May 29, 2018, which was denied because plaintiff files grievances and contacts the courts. However, the complaint does make clear who made that review and there is no indication it was Lozano. In sum, the complaint does not plead specific facts from which the court can infer that Lozano was aware of plaintiff's grievances and lawsuits and took an adverse action against plaintiff because of his grievances and lawsuits.

Ralph Diaz, Secretary, and Jeff Lynch, Warden, allegedly made plaintiff aware that they would remove the mask if plaintiff did not pursue further lawsuits. (ECF No. 1 at 3.) As currently pleaded, the allegations against Diaz and Lynch fall short of stating a claim. The complaint does not plead specific facts from which the court can infer that Diaz and Lynch were aware of plaintiff's protected conduct, and that they took adverse action(s) against plaintiff because of his protected conduct. In addition, the complaint fails to allege any specific conduct Diaz or Lynch engaged in that made plaintiff aware they would remove the mask if he did not pursue further lawsuits. In order to state a claim, a complaint must plead the facts that underlie the claim rather than relying on a plaintiff's conclusions. See Twombly, 550 U.S. at 555. For these reasons, the current allegations against Diaz and Lynch do not state a claim.

**V.      Conclusion and Order**

The complaint states a cognizable retaliation claim under the First Amendment against defendant Alfaro. No other claims are stated, but plaintiff is granted leave to amend. Plaintiff may use the attached form to notify the court whether he will proceed against defendant Alfaro on the complaint as screened, or amend the complaint.

If plaintiff chooses to file an amended complaint, he has thirty days so to do. This opportunity to amend is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

5

1967). The amended complaint should be titled "First Amended Complaint" and should reference the case number.

In the alternative, plaintiff may proceed on the complaint, as screened, with his claim against defendant Alfaro. Following receipt of a notice from plaintiff electing to proceed on the complaint as screened, the court will order service on defendant Alfaro.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

3. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

4. The complaint (ECF No. 1) states a cognizable First Amendment retaliation claim against defendant Alfaro only; no other claims are stated.

5. Within thirty (30) days of the date of this order plaintiff shall notify the court how he chooses to proceed. Plaintiff may use the form included with this order for this purpose.

6. Plaintiff is warned that failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: November 22, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
puck0903.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | No. No. 2:23-cv-00903 DB P |
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE OF ELECTION |
| JEFF LYNCH, et al., | |
| Defendants | |

Check one:

\_\_\_\_\_   Plaintiff wants to proceed immediately on his First Amendment retaliation claim against defendant Alfaro. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_   Plaintiff wants to amend the complaint.

DATED:_____

Durrell Anthony Puckett
Plaintiff pro se

7