UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFF LYNCH, et al.,<br><br>  Defendants. | No.  2:23-cv-00903 DB P<br><br><br>ORDER |

Plaintiff, an inmate at Salinas Valley State Prison, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint and request for leave to file the first amended complaint are before the court. (ECF Nos. 8, 9.) The request for leave to file the first amended complaint is granted. The first amended complaint states a retaliation claim against defendants Alfaro, Lozano, and Lynch and a due process claim against Alfaro. No other claims are cognizable. Plaintiff may proceed on these claims or file a further amended complaint.

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).
3  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v.
4  Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.
5  1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal
6  theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical
7  inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v.
8  Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

   Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "give the defendant fair notice of what the... claim is and the grounds upon which it rests." Id. In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the First Amended Complaint**

   Following an incident in court resulting in serious bodily injury, defendant Sandra Alfaro placed plaintiff on an underground and "never heard" restriction to wear a bite mask. (ECF No. 9 at 3, 5.) Defendant Alfaro implemented the restriction in August of 2018 to last through January 31, 2023. (Id.) Plaintiff had to wear the bite mask for 1,632 days based on false claims that he throws water or headbutts officers. (Id. at 3.) Alfaro informed plaintiff he could be off the bite mask precautions if plaintiff stopped filing lawsuits. (Id.)

   Under Alfaro's orders, the review to be taken off the bite mask precautions is "at each Warden's classification." (ECF No. 9 at 3.) On this basis, Associate Warden C. Rojas and Associate Warden D. Baughman were involved in the deprivations plaintiff suffered.

////

1    In addition, defendant A. Lozano, CDCR Associate Director, refused twice to lift
2 plaintiff's bite mask precaution, stating the restrictions would remain until plaintiff was "RVR
3 free" for three years. (ECF No 9 at 3.) Lozano abused his authority because the maximum
4 confinement time on any disciplinary precaution/restriction should be 180 days. (Id.) Lozano also
5 told plaintiff to "stop suing th[e]n yes." (Id.)
6    Defendant Ralph Diaz, CDCR Secretary, came to CSP-Sacramento on a tour escorted by
7 defendant, Warden Jeff Lynch. (ECF No. 9 at 3.) Plaintiff asked to speak with Diaz and was told
8 to stop advocating for others and filing lawsuits. (Id.) Plaintiff was informed "he'll remove the
9 mask once Lynch described who I was." (Id.) Lynch made plaintiff aware the mask would be
10 removed if plaintiff did not pursue a lawsuit. (Id.)
11    All the defendants abused their authority by keeping the bite mask on plaintiff even
12 though maximum confinement time on any precaution/restriction is 180 days. (ECF 9 at 3.)
13 Through this action, plaintiff seeks monetary damages and injunctive relief in the form of
14 permanent removal of the bite mask. (Id. at 4.)

15   **III.    Discussion**

16   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a
17 constitutional right or federal law under color of state law. See West v. Atkins, 487 U.S. 42, 48
18 (1988). Considering the applicable pleading standards set forth below, plaintiff states cognizable
19 claims against defendants Alfaro, Lozano, and Lynch.

20       **A.    Legal Standards for Retaliation Claim**

21   A First Amendment retaliation claim in the prison context has five elements. Brodheim v.
22 Cry, 584 F.3d 1262, 1269 (9th Cir. 2009); Watison v. Carter, 668 F.3d 1108, 1114 (2012). A
23 plaintiff must first allege he engaged in protected conduct, such as the filing of an inmate
24 grievance. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Second, the plaintiff must
25 allege the defendant took adverse action against the plaintiff. Id. Third, the plaintiff must allege a
26 causal connection between the adverse action and the protected conduct. Watison, 668 F.3d at
27 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of
28 ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568-69 (internal

1  quotation marks and emphasis omitted). Fifth, the plaintiff must allege "the prison authorities'
2  retaliatory action did not advance legitimate goals of the correctional institution or was not
3  tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.
4  1985). A plaintiff successfully pleads a lack of valid penological purpose by alleging, in addition
5  to a retaliatory motive, that the defendant's actions were arbitrary and capricious or unnecessary
6  to the maintenance of order in the institution. Watison, 668 F.3d at 1114-15.

### B. Legal Standards for Due Process Claim

The Fourteenth Amendment guarantees due process where a constitutionally-protected interest is at stake. See Wilkinson v. Austin, 545 U.S. 209, 221 (2005); Board of Regents v. Roth, 408 U.S. 564, 569 (1972). A protected liberty interest arises when prison officials' conduct alters an inmate's term of imprisonment or imposes an atypical and significant hardship in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484 (1995). In order to state a procedural due process claim, a prisoner must show that a governmental actor interfered with a recognized liberty interest and that the procedures surrounding the alleged interference were constitutionally insufficient. Kentucky Dep't Corrs. v. Thompson, 490 U.S. 454, 460 (1989); Chappell v. Mandeville, 706 F.3d 1052, 1062 (9th Cir. 2013).

To determine whether a condition of confinement imposes an atypical and significant hardship, the court examines: "'1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.'" Brown v. Oregon Dep't of Corrs., 751 F.3d 983, 987 (9th Cir. 2014) (quoting Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003)). The court examines the circumstances of each case "rather than invoking a single standard." Chappell, 706 F.3d at 1064 (inquiry is "context-dependent" and requires "fact by fact consideration") (citing Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996)). If the court determines that a liberty interest is at stake, the court then determines whether the procedures used to deprive that liberty satisfied due process. Sandin, 515 U.S. at 487.

### C. Cognizable Claims

Defendant Alfaro allegedly put plaintiff on "bite mask" precautions lasting for 1,632 days. For screening purposes, this constituted an atypical and significant hardship in relation to the ordinary incidents of prison life sufficient to show the deprivation of a liberty interest. See Sandin, 515 U.S. at 484. Plaintiff alleges the precautions were underground and "never heard" which the court will liberally construe to allege a lack of any process prior to the deprivation. Based on the current allegations, plaintiff states a procedural due process claim against defendant Alfaro only.

Defendant Alfaro allegedly informed plaintiff she would remove the restriction if plaintiff stopped filing grievances, lawsuits and contacting the courts. Defendant Lozano allegedly told plaintiff to "stop suing" in order to have the restrictions lifted. (ECF No. 9 at 3.)  Defendant Lynch allegedly made plaintiff aware that Lynch would remove the mask if plaintiff did not pursue further lawsuits. (ECF No. 9 at 3.) Based on these allegations, plaintiff states retaliation claims against defendants Alfaro, Lozano, and Lynch.

As currently pleaded, the allegations against defendants Diaz, Rojas, and Baughman fall short of stating a claim. The complaint lacks adequate allegations of personal involvement or causal connection to the deprivations suffered by these defendants. See Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978); Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Liability may not be based on *respondeat superior*. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978); see Maxwell v. County of San Diego, 708 F.3d 1075, 1086 (9th Cir. 2013) (holding that supervisors cannot be liable for civil rights violations unless they "participated in or directed the violations, or knew of the violations and failed to act to prevent them") (internal quotation marks omitted).

### IV. Conclusion and Order

The first amended complaint states a retaliation claim against defendants Alfaro, Lozano, and Lynch and a due process claim against Alfaro. Following receipt of a notice from plaintiff electing to proceed on the complaint as screened, the court will order service on defendants Alfaro, Lozano, and Lynch.

1    No other claims are stated, but plaintiff is granted another opportunity to amend. Plaintiff may use the attached form to notify the court whether he will proceed on the first amended complaint as screened or file a second amended complaint.

If plaintiff chooses to file an amended complaint, he has thirty days so to do. This opportunity to amend is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). The amended complaint should be titled "Second Amended Complaint" and should reference the case number.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for leave to file the first amended complaint (ECF No. 8) is granted.

2. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

3. The first amended complaint (ECF No. 9) states cognizable retaliation claims against defendants Alfaro, Lozano, and Lynch, and states a procedural due process claim against defendant Alfaro only; no other claims are stated.

4. Within thirty (30) days of the date of this order plaintiff shall notify the court how he chooses to proceed. Plaintiff may use the form included with this order for this purpose.

5. Plaintiff is warned that failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated:  March 5, 2024

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
puck0903.scrn.fac

6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>Plaintiff,<br><br>v.<br><br>JEFF LYNCH, et al.,<br><br>Defendants | No.  No.  2:23-cv-00903 DB P<br><br><br>PLAINTIFF'S NOTICE OF ELECTION |

Check one:

\_\_\_\_\_   Plaintiff wants to proceed on the first amended complaint as screened with retaliation claims against defendants Alfaro, Lozano, and Lynch, and a due process claim against defendant Alfaro. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_   Plaintiff wants to amend the complaint.

\_\_\_\_   Plaintiff wants to stand on the first amended complaint as filed after which the magistrate judge will issue findings and recommendations to dismiss all non-cognizable claims and a district judge will be assigned to the case and will determine what claims are stated.

DATED:_____                    _____

                                                                                          Durrell Anthony Puckett
                                                                                          Plaintiff pro se

7