UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFF LYNCH, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-00903 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, an inmate at Salinas Valley State Prison, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's second amended complaint ("SAC") is before the court for screening. (ECF No. 12.)

The SAC states a First Amendment retaliation claim against defendants Alfaro, Lynch, Rojas, Baughman, Lozano, and Diaz. The SAC states a Fourteenth Amendment procedural due process claim against defendants Alfaro, Lynch, Rojas, Baughman, and Lozano. The due process claim is not cognizable against defendant Diaz.

By separate order, the court will order service on the defendants. By these findings and recommendations, the undersigned recommends the claim against defendant Diaz alleging a due process violation be dismissed without further leave to amend.

I. **Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "give the defendant fair notice of what the... claim is and the grounds upon which it rests." Id. In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II. **Allegations in the Second Amended Complaint**

Following an incident in court which resulted in serious bodily injury, defendant Sandra Alfaro placed plaintiff on an underground and "never heard" restriction to wear a bite mask. (ECF No. 12 at 3.) Defendant Alfaro implemented the restrictions in August 2018 to last through January 31, 2023. (Id.) Plaintiff had to wear the bite mask for 1,632 days based on false claims that he throws water or headbutts officers which are offenses that have their own restrictions. (Id.)

////

1  Alfaro informed plaintiff via telephone he could be off the bite mask precautions if he stopped
2  filing lawsuits. (Id.)

3  Under Alfaro's orders, the review to be taken off the bite mask precaution is "at each
4  Warden's classification" and each of defendants Lynch, Rojas, and Baughman could have
5  removed the restriction. (ECF No. 12 at 3.) Associate Warden C. Rojas and Associate Warden D.
6  Baughman became aware of Alfaro's comments for plaintiff to stop filing lawsuits and told
7  plaintiff "[do not] file any more grievances or lawsuits" and they "will recommend [he] be taken
8  off bite mask." (Id.) Warden Jeff Lynch also made plaintiff aware the bite mask would be
9  removed if plaintiff did not pursue any more lawsuits. (ECF No. 12 at 4.) Lynch, Rojas, and
10 Baughman did not remove the bite mask precaution because plaintiff files grievances and
11 lawsuits. (Id.)

12 A. Lozano, CDCR Associate Director, refused twice to lift plaintiff's bite mask
13 precaution, stating the restrictions would remain until plaintiff was "RVR free" for three years, or
14 words to that effect. (ECF No 12 at 4.) Lozano also "stated to the counselor to stop grieving the
15 bite mask precaution" and told plaintiff regarding the precaution, "stop suing th[e]n yes." (Id.)

16 Defendant Ralph Diaz, CDCR Secretary, came to CSP-Sacramento. (ECF No. 12 at 3.)
17 Plaintiff asked to speak with Diaz, who stated he would take away plaintiff's bite mask if plaintiff
18 stopped advocating for others and filing lawsuits and grievances. (Id.) Diaz did not remove the
19 bite mask out of spite because plaintiff is a litigator and complaint filer. (Id.)

20 Each of the defendants kept the bite mask on plaintiff even though the maximum
21 confinement time on any precaution/restriction is 180 days. (ECF No. 12 at 4.) Plaintiff asserts
22 claims for "retaliation" and "due process" against each defendant. (See id.) Plaintiff seeks
23 monetary damages. (Id.)

24 **III.    Discussion**

25 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a
26 constitutional right or federal law under color of state law. See West v. Atkins, 487 U.S. 42, 48
27 (1988). A person deprives another "of a constitutional right, within the meaning of section 1983,
28 if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act

which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Considering the applicable pleading standards set forth below, plaintiff states cognizable retaliation and due process claims.

### A.     Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); see also Watison v. Carter, 668 F.3d 1108, 1114 (2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Under the complaint's allegations, defendant Alfaro informed plaintiff she would remove the restriction if plaintiff stopped filing grievances and lawsuits. Defendant Lozano "stated to the counselor to stop grieving the bite mask precaution" and told plaintiff to "stop suing" to have the restrictions lifted. Defendant Lynch similarly made plaintiff aware that Lynch would remove the mask if plaintiff did not pursue further lawsuits. Defendants Rojas and Baughman told plaintiff not to file any more grievances or lawsuits to be taken off bite mask (Id.) Defendant Diaz stated he would take away plaintiff's bite mask if plaintiff stopped advocating for others and filing lawsuits and grievances. (Id.)

Based on these allegations, plaintiff states a retaliation claim against each of the named defendants.

### B.     Due Process

The Fourteenth Amendment guarantees due process where a constitutionally protected interest is at stake. See Wilkinson v. Austin, 545 U.S. 209, 221 (2005); Board of Regents v. Roth, 408 U.S. 564, 569 (1972). A protected liberty interest arises when prison officials' conduct alters an inmate's term of imprisonment or imposes an atypical and significant hardship in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484 (1995).

////

1    To determine whether a condition of confinement imposes an atypical and significant
2    hardship, the court examines: "'1) whether the challenged condition 'mirrored those conditions
3    imposed upon inmates in administrative segregation and protective custody,' and thus comported
4    with the prison's discretionary authority; 2) the duration of the condition, and the degree of
5    restraint imposed; and 3) whether the state's action will invariably affect the duration of the
6    prisoner's sentence.'" Brown v. Oregon Dep't of Corrs., 751 F.3d 983, 987 (9th Cir. 2014)
7    (quoting Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003)). The court examines the
8    circumstances of each case "rather than invoking a single standard." Chappell, 706 F.3d at 1064
9    (inquiry is "context-dependent" and requires "fact by fact consideration") (citing Keenan v. Hall,
10   83 F.3d 1083, 1089 (9th Cir. 1996)).

11   If the court determines a liberty interest is at stake, the court then determines whether the
12   procedures used to deprive that liberty satisfied due process. Sandin, 515 U.S. at 487. In order to
13   state a procedural due process claim, a prisoner must show that a governmental actor interfered
14   with a recognized liberty interest and that the procedures surrounding the alleged interference
15   were constitutionally insufficient. Kentucky Dep't Corrs. v. Thompson, 490 U.S. 454, 460
16   (1989); Chappell v. Mandeville, 706 F.3d 1052, 1062 (9th Cir. 2013).

17   Here, defendant Alfaro allegedly put plaintiff on "bite mask" precautions lasting for 1,632
18   days. For screening purposes, the complaint adequately alleges an atypical and significant
19   hardship in relation to the ordinary incidents of prison life sufficient to show the deprivation of a
20   liberty interest. See Sandin, 515 U.S. at 484. Plaintiff alleges the precautions were underground
21   and "never heard" which the court will liberally construe to allege a lack of adequate procedural
22   protections prior to the deprivation. Based on these allegations, plaintiff states a procedural due
23   process claim against defendant Alfaro.

24   In addition, viewing the allegations in a light favorable to plaintiff, defendants Lynch,
25   Rojas, Baughman, and Lozano knew about the alleged unlawful nature of the restrictions, were
26   responsible for reviewing and either upholding or lifting the restrictions, and had the authority to
27   lift the unlawful restrictions. The allegations taken in a light favorable to plaintiff allow a
28   plausible inference that these defendants tacitly endorsed the alleged due process violation by

keeping plaintiff on the bite mask restriction without providing adequate procedural protections. See Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012) (noting a supervisor can be held liable for knowingly refusing to terminate a series of acts by others which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury); Johnson v. Duffy, 588 F.2d at 744 (an omission to act, in violation of duties imposed by statute or regulations, can subject a defendant to liability under section 1983).

However, the allegations fall short of stating a due process claim against defendant Diaz. Under § 1983, the plaintiff must demonstrate that each named defendant personally participated in the deprivation of his due process rights. See Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77. Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr, 652 F.3d at 1205-08.

Knowledge that plaintiff had been placed on a bite mask precaution and failure to lift the precaution, without more, does not plausibly suggest defendant Diaz's personal participation in a due process violation. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). Neither do comments that plaintiff should stop filing grievances and/or lawsuits in order to have the restrictions lifted plausibly suggest personal participation in a due process violation. Unlike as to the other defendants, the SAC alleges no facts allowing an inference that defendant Diaz tacitly endorsed a due process violation by not omitting to act. The fact of Diaz's supervisory position, knowledge of the precautions, and failure to lift the precautions do not suffice to state a due process claim.

////

////

### IV.     Conclusion, Order, and Recommendation

The SAC states a retaliation claim against each defendant and a due process claim against defendants Alfaro, Lynch, Rojas, Baughman, and Lozano. By separate order, the court will direct service of the SAC on each defendant.

Plaintiff's due process claim against defendant Diaz is not cognizable. Plaintiff has been granted two prior opportunities to amend and has alleged adequate facts to state a plausible due process claim against defendant Diaz. The due process claim against defendant Diaz should be dismissed without further leave to amend. See Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court can deny leave "where the amendment would be futile...").

In accordance with the above, IT IS ORDERED that the Clerk of the Court shall assign a district judge to this case.

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's due process claim be dismissed as to defendant Diaz for failure to state a claim and without further leave to amend.

2. This case proceed on plaintiff's retaliation claim against each named defendant and plaintiff's due process claim against defendants Alfaro, Lynch, Rojas, Baughman, and Lozano.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 30, 2024

DLB7
puck0903.scrn.sac

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE