ROB BONTA, State Bar No. 202668
Attorney General of California
R. LAWRENCE BRAGG, State Bar No. 119194
Supervising Deputy Attorney General
ANDREA R. SLOAN, State Bar No. 265421
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7362
 Fax: (916) 324-5205
 E-mail: Andrea.Sloan@doj.ca.gov
*Attorneys for Defendants J. Lynch, D. Baughman, J. Lozano, and C. Rojas*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **DURRELL ANTHONY PUCKETT,**<br><br>                                    Plaintiff,<br><br>      v.<br><br>**JEFF LYNCH, et al.,**<br><br>                                    Defendants. | 2:23-cv-00903-KJM-SCR<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS UNDER 28 U.S.C. § 1915(e)(2)(a); OR, IN THE ALTERNATIVE, MOTION FOR AN ORDER REVOKING PLAINTIFF'S *IN FORMA PAUPERIS STATUS***<br><br>Judge:         The Honorable Sean C. Riordan<br>Action Filed: May 15, 2023 |

**INTRODUCTION**

The Court should dismiss pro se inmate Plaintiff Durrell Puckett's case under 28 U.S.C. § 1915(e)(2)(A) with prejudice because he falsely attested in bad faith that he could not pay the filing fee when he applied for *in forma pauperis* (IFP) status in this case. Plaintiff diverted settlement funds to his sister and another individual to impoverish himself and conceal the funds from the Court when seeking IFP status. As a result of Plaintiff's abuse of the IFP privilege, the Court must dismiss this case with prejudice under § 1915(e)(2)(A).

In the alternative, Plaintiff's repeated offense of bringing non-meritorious claims in federal court bars him from filing suit IFP here. Per the Prison Litigation Reform Act (PLRA), prisoners

1

are prohibited from proceeding IFP once they incur three "strikes" by bringing an action or appeal that was dismissed either for failure to state a claim, frivolous, or malicious. 28 U.S.C § 1915(g). Plaintiff has incurred the requisite three strikes under the PLRA. Plaintiff has not alleged any imminent danger of physical injury in his second amended complaint and therefore does not fall within this exception. Per § 1915(g), Plaintiff is not entitled to IFP privilege and this Court should revoke Plaintiff's IFP status, require him to prepay the filing fee and, in the event that he cannot do so, dismiss the case for failure to prosecute.

**PROCEDURAL HISTORY**

Plaintiff filed suit on May 15, 2023. (ECF No. 1.) Plaintiff filed a motion to proceed IFP (ECF No. 2), which the Court granted on November 27, 2023. (ECF Nos. 2, 5.) Plaintiff amended his complaint on November 29, 2023. (ECF No. 9.) On March 6, 2024, the Court screened the first amended complaint, found cognizable retaliation and due process claims, and ordered service for Defendants. (ECF No. 11.) Plaintiff then filed a second amended complaint on March 20, 2024. (ECF No. 12.) The Court screened the second amended complaint and dismissed Defendant Diaz but ordered service on the remaining Defendants for due process and retaliation claims. (ECF Nos. 13, 14.) On July 1, 2024, the Court referred the case to post screening early alternative dispute resolution (ADR). (ECF No. 21.) On September 5, 2024, the Defendants opted out of early ADR, which the Court granted on September 13, 2024. (ECF Nos. 24, 27.) On September 24, 2024, Plaintiff filed a motion to amend and third amended complaint. (ECF Nos. 29, 30.)

**PLAINTIFF'S FACTUAL ALLEGATIONS**

Plaintiff filed suit pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his due process rights and retaliated against him by forcing him to wear a bite mask for filing inmate grievances and lawsuits. (*See* ECF No. 12, generally.) Plaintiff claims that unserved deceased Defendant Alfaro "informed [him] via telephone [he] could be taken off bite mask precautions if [he] stop[s] filing lawsuits." (*Id.* at 3.) He had to wear the bite mask for 1,632 days "based on false claims." (*Id.* at 3.)

Plaintiff alleges that Defendants Rojas and Baughman "both joined in the deprivation of [his] rights by telling [him] not to file anymore grievances or lawsuits and then they will

2

1  recommend [he] be taken off the bite mask." (*Id.* at 3.) Defendant "Lynch made [him] aware the
2  mask would be removed if [he] did not peruse anymore lawsuits." (*Id.* at 4.) Plaintiff alleges that
3  since Lynch was the warden, he could have removed the bite mask restriction "but chose not to
4  because [Plaintiff] file[s] 602 grievances and lawsuits." (*Id.* at 4.) Finally, Defendant Lozano
5  refused to remove the bite mask restriction until Plaintiff was "RVR free for three years, or words
6  to that effect." *Id.* at 4.

7  Plaintiff alleges that "all the Defendants abused their authority by keeping [him] on the
8  bite mask violating my due process over one year." (*Id.* at 4.)

## ARGUMENT

### I. THE COURT SHOULD DISMISS PLAINTIFF'S CASE BECAUSE HE MADE AN UNTRUE ALLEGATION OF POVERTY.

Proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While a party need not be completely destitute to proceed IFP, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Doe v. Educ. Enrichment Sys.*, No. 15-cv-2628-MMA (MDD), 2015 U.S. Dist. LEXIS 173063, *2 (S.D. Cal. Dec. 30, 2015) (citing *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)).[1] As a result, the court must dismiss an IFP case at any time if the allegation of poverty is found to be untrue. 28 U.S.C. § 1915(e)(2)(A).

This Court has the discretion to dismiss a case with prejudice where a plaintiff has, in bad faith, filed a false affidavit of poverty. *See Jackson v. Pfeiffer*, No. 1:21-cv-00452 JLT CDB, 2024 WL 519742, at *1 (E.D. Cal. Feb. 9, 2024), report and recommendation adopted, No. 1:21-cv-00452 JLT CDB, 2024 WL 1932164 (E.D. Cal. May 2, 2024) citing to *Steshenko v. Gayrard*, Nos. 13-CV-03400-LHK, 13-CV-04948-LHK, 2015 WL 1503651, at *5 (N.D. Cal. Apr. 1, 2015) ("Where the applicant has knowingly provided inaccurate information on his or her IFP application, the dismissal may be with prejudice").

---

[1] Copies of all unpublished opinions have been provided to Plaintiff pursuant to Local Rule 133(i)(3)(ii).

3

Defs.' Mem. P. & A. Supp. Mot. to Dismiss or, in the alt.,
Mot. for an Order Revoking Pl.'s *In Forma Pauperis* Status (2:23-cv-00903-KJM-SCR)

Plaintiff filed his Application to Proceed IFP on May 15, 2023. (Plaintiff's IFP Application, ECF No. 2.) This Court granted Plaintiff's application because he made the initial showing of poverty under 28 U.S.C. § 1915. (Order, ECF No. 5.) In his application, question 3 asks about the receipt of money from various listed sources in the last twelve months, and sub-part (f) requests information regarding money received from "any other sources." Plaintiff checked "No" for all boxes except for "Re Gifts or Inheritances," stating "I receive about $25.00 a month as a gift from my Aunt. Occasionally others will send money." (ECF No. 2 at 1.) Plaintiff also stated he only has about $2.37 in checking and savings accounts. (*Id*. at 2.) Plaintiff stated he has no other valuable property or assets. (*Id*.) He signed his application declaring, "I am unable to pay the fees for this proceeding or give security." (*Id*. at 1-2) But, a closer review of Plaintiff's trust account reveals he continually moves money around to impoverish himself before filing suits so he can take advance of the IFP privilege.

Specifically, on December 3, 2021, Plaintiff received $4,000 in settlement funds, resulting from a settlement in *Puckett v. Barrios, et al*., No. 1:20-cv-01405-NONE-BAM (PC) (E.D. Cal.). (Saunders Decl. ¶¶ 3-4, Exhibit A at 5; *see also* Sloan Decl. ¶ 3, Exhibit A.) Shortly thereafter, on December 23, 2021, Plaintiff transferred $2,500 of the funds to his sister – Shakneka Babb- and a majority of the remaining funds was then used to pay other court-ordered debts. (*Id*.; *see also* Williams Decl. at ¶ 3, Exhibit A (showing Shankeka[2] Babb is listed as Plaintiff's sister). This transfer and the subsequent payments impoverished Plaintiff, allowing him to file *Puckett v. Heath*, No. 2:22-cv-00476 (E.D. Cal.) on March 14, 2022, and take advantage of the IFP privilege. (Request for Judicial Notice (RJN) Ex. E-1 (docket showing the Court granted Plaintiff's IFP application on May 16, 2022).)

On June 7, 2022, less than a month after the Court granted IFP status in *Heath*, Plaintiff's sister transferred the $2,500 back to Plaintiff. (Saunders Decl. ¶ 3, Exhibit A at 8 (showing $2,500 transfer from Babb to Plaintiff's trust account); RJN Ex. E-1 (showing *Heath* Court granted Plaintiff's IFP application on May 16, 2022).) This transfer took place less than one year before Plaintiff filed suit in this case and Plaintiff failed to report it to the Court in his IFP

---

[2] Babb's first name is spelled "Shakneka" in some documents and "Shankeka" in others.

4

Defs.' Mem. P. & A. Supp. Mot. to Dismiss or, in the alt.,
Mot. for an Order Revoking Pl.'s *In Forma Pauperis* Status (2:23-cv-00903-KJM-SCR)

application. (*See* Plaintiff's IFP Application, ECF No. 2.) But, because this transfer took place outside the required six- month time frame, it was not reflected on Plaintiff's trust account filed with the Court. (*See* Prison Trust Statement, ECF No. 4.)

On July 21, 2022, Plaintiff transferred $2,000 back to his sister, and on August 16, 2022, he transferred $480 to a Marilyn Smith. (Saunders Decl. ¶ 3, Exhibit A at 8-9 (showing a $2,000 transfer to Babb and a $480 transfer to Smith from Plaintiff's trust account.) After impoverishing himself again, he then filed *Puckett v. Caitlin et al.*, No. 2:23-cv-00210 (E.D. Cal.) on February 3, 2023, just outside the six months required for the trust account statement – thus the transfers were not reflected on his trust account in *Caitlin*. (*See* RJN Ex. F-1 (docket showing filing of Plaintiff's IFP Application in *Caitlin* on March 1, 2023).) Finally, on May 15, 2023, less than a year after his transfers to Babb and Smith, Plaintiff filed this action where he remained impoverished due to these transfers.

It is clear that Plaintiff was aware of the receipt of settlement funds and various diversions of them when he filed suit, but he omitted this information in his IFP application. Further, before filing suit, he diverted the funds appear eligible for IFP status, not only in this case, but also in *Heath* and *Caitlin*. Had he not diverted these funds, Plaintiff would have had the funds available to pay the filing fees in *Heath*, *Caitlin*, and this case. "If an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required to "put his money where his mouth is." *See Walker v. Wechsler*, No. 1:16-CV-01417 JLT PC, 2017 WL 2535340, at *2 (E.D. Cal. June 12, 2017) citing to *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (affirming district court denial of in forma pauperis where in past 12 months, plaintiff received a sum of $5,000 settling a civil action and no indication it was unavailable to plaintiff). Plaintiff's deliberate omission of crucial information that he received a $2,500 deposit from his sister stemming from his settlement funds, and his active concealment of those funds by diverting them again, was solely to avail himself of the IFP privilege and is a patent abuse of the process. Plaintiff's failure to disclose those funds is deceptive and in bad faith. *See Jackson v. Pfeiffer*, 2024 WL 519742, at *4 (finding inmate plaintiff's transfer of funds to impoverish himself before filing suit "deceptive"), citing to

5

*Martinez v. Baughman*, No. 1:19-cv-01457-DAD-JLT (PC), 2021 WL 5921463, at *1-2 (E.D. Cal. Dec. 15, 2021) (recommending dismissal where plaintiff's IFP application indicated he had not received any money in previous 12 months despite receiving two settlement checks totaling $7,500 and where he diverted funds to family before filing suit), recommendations adopted at 2022 WL 4072682; *Witkin v. Lee*, No. 2:17-cv-0232 JAM EFB, 2020 WL 2512383, at *1-6 (E.D. Cal. May 15, 2020), report and recommendation adopted, 2020 WL 4350094 (E.D. Cal. July 29, 2020), appeal dismissed, 2020 WL 8212954 (9th Cir. Dec. 9, 2020) (recommending dismissal where plaintiff diverted settlement funds prior to completing his IFP application that indicated he had not received any money from any source); *Roberts v. Beard*, No. 15-cv-1044-WQH-RBM, 2019 WL 3532183, at *3-12, (S.D. Cal. Aug. 2, 2019) (settlement funds diverted to sister prior to submission of IFP application indicating plaintiff had not received any money from any other sources in the prior twelve months). Here, Plaintiff's declaration in the application that he was unable to pay the fees or give security was patently false.

As a result, this action should be dismissed with prejudice. "Courts routinely dismiss cases with prejudice upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith." *Arrellano-Lopez v. Gonzales*, No. 1:23-CV-00093 EPG PC, 2023 WL 2250348, at *1 (E.D. Cal. Jan. 26, 2023), (citing to *Witkin v. Lee*, 2020 WL 2512383, at *3); s*ee also Steshenko v. Gayrard*, 2015 WL 1503651, at *5 ("Where the applicant has knowingly provided inaccurate information on his or her IFP application, the dismissal may be with prejudice") (internal citations omitted).

Accordingly, Plaintiff's case should be dismissed with prejudice because his allegation of poverty was untrue and made in bad faith in order to deceive the Court.

**II. IN THE ALTERNATIVE, THE COURT SHOULD REVOKE PLAINTIFF'S IFP STATUS AND REQUIRE THAT HE PAY THE FILING FEE OR FACE DISMISSAL.**

Congress enacted the PLRA to stem the tide of meritless inmate suits that clog the federal courts and drain limited judicial resources. *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015). The

6

Defs.' Mem. P. & A. Supp. Mot. to Dismiss or, in the alt., Mot. for an Order Revoking Pl.'s *In Forma Pauperis* Status (2:23-cv-00903-KJM-SCR)

underlying purpose of Section 1915(g) is to reduce the number of non-viable cases that prisoners who want to proceed *in forma pauperis* file in the federal court system. *Lomax v. Ortiz-Marquez*, 590 U.S. ——, 140 S. Ct. 1721, 1726 (2020) ("The point of the PLRA ... was to cabin not only abusive but also simply meritless prisoner suits."); *Woodford v. Ngo*, 548 U.S. 81, 84, (2006) (stating Congress enacted PLRA to address sharp rise in prisoner litigation); *Rav v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022) (stating PLRA enacted in response to notable increase in prisoner litigation and Section 1915(g) provision aimed to disincentivize frivolous prisoner litigation); *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (stating Ninth Circuit interprets Section 1915(g) as rule to further Congress' intent to screen out frivolous complaints).

The "three strikes" provision of the PLRA bars a prisoner from proceeding *in forma pauperis* if, on three prior occasions, he brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *Andrews v. King*, 398 F.3d 1113, 1116 (9th Cir. 2005). A case is frivolous under 28 U.S.C. § 1915(g) when it is of little weight or importance or has no basis in either law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Andrews,* 398 F.3d at 1121. A case is malicious when it is filed with the "intention or desire to harm another." *Id.*; *see also In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988) (allegations that are known to be false are malicious); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (addressing abusive and repetitive claims). The phrase "fail[s] to state a claim upon which relief may be granted" parallels the language of Federal Rules of Civil Procedure 12(b)(6) and 8(a). *Andrews*, 398 F.3d at 1121 (discussing rule 12(b)(6)); *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (discussing Rule 8(a)'s "short and plain statement" requirement). A prisoner is precluded from bringing a civil action IFP when he has filed at least three prior actions, or appeals, that were dismissed for any of those reasons. *Rodriguez v. Cook*, 169 F.3d at 1178.

A dismissal without prejudice counts as a strike for the purposes of the "three strikes" provision, so long as the dismissal was made because the action was frivolous, malicious, or for failure to state a claim. *O'Neal v. Price*, 531 F.3d 1146, 1154 (9th Cir. 2008). A litigant does not need to exhaust or waive his opportunity to appeal before a dismissal counts as a strike. *See*

7

*Coleman v. Tollefson*, 575 U.S. 537 (because the IFP statute "treats the trial and appellate stages of litigation as distinct," prior dismissal counted as a strike, even when it was the subject of an ongoing appeal). Whether a dismissal is a strike under § 1915(g) "hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) ("The style of a dismissal or its procedural posture is immaterial in determining whether it counts as a strike under § 1915(g). Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

### A.   Plaintiff Has At Least Three Qualifying Strikes Under the PLRA.

Plaintiff's IFP status should be revoked because he has filed more than three actions that were dismissed as frivolous, malicious, or for failure to state a claim before filing this lawsuit, including:

#### 1.   Strike One: *Puckett v. Liu, et al.*, No. 2:19-cv-02437 (E.D. Cal.).

The Court dismissed *Puckett v. Liu, et al*., No. 2:19-cv-02437 (E.D. Cal.) after Plaintiff made criminal threats against counsel, her family, and defendants in his deposition, thus revealing this case was frivolous and malicious. (Defs.' RJN Ex. A-2.) Specifically, Plaintiff told counsel to "Shut up, bitch," multiple times and called her a "stupid ass cracker." (*Id*. at 4.) He went on to say, "Fuck that bitch," when referring to counsel and "Fuck you. Fuck your dead ass family, bitch. I hope you get raped and killed you stupid ass cracker." (*Id*.) He then went on to threaten one of the defendants, stating, "I'm gonna stab the shit out of Bartlett when I catch him since he got dismissed bitch. Better go read my C-file. I will stab a CO you stupid ass bitch. Stupid ass cracker." (*Id*.) Before ending the deposition, Plaintiff continued his threats, stating, "I guarantee while I'm in this prison, any of your defendants come around me, I'm stabbing them. You can have it on report. I don't care. I'm doing over 100 years to life. Paybacks a bitch, bitch." (*Id*. at 5.) The Court found that given Plaintiff's access to at least some of the defendants, his violent history, and lengthy prison term, "it is at least possible that plaintiff could make good on his threat to some degree." (*Id*. at 9.) The Court determined dismissal was warranted "if for no other

8

1  reason than to deter plaintiff from making similar threats in the future" and that "dismissal is an
2  appropriate outcome and a measured response to plaintiff's outrageous behavior at his
3  deposition." (*Id*.at 9-10.) The Court adopted the findings and recommendations on March 23,
4  2022, and entered judgment the same day. (RJN Exs. A-3 and A-4.)

5        This case is a strike because Plaintiff's actions during his deposition showed this action
6  was malicious and frivolous, resulting in terminating sanctions. While the court did not use the
7  specific key terms "malicious" or "frivolous" in its order, the central question is whether the
8  dismissal "rang the PLRA bells of frivolous, malicious, or failure to state a claim," which it did
9  here. *El-Shaddai v. Zamora*, 833 F.3d at 1042 ("The style of a dismissal or its procedural posture
10 is immaterial in determining whether it counts as a strike under § 1915(g). Instead, the central
11 question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state
12 a claim.'") (quoting *Blakely v. Wards*, 738 F.3d at 615). An order of dismissal need not cite to
13 section 1915(g) for it to qualify as a strike so long as it will qualify if it can be reasonably
14 interpreted as being premised on one of the reasons enumerated in section 1915(g). *See Moore v.*
15 *Maricopa County Sheriff's Office*, 657 F.3d 890, 895 (9th Cir.2011). Abusive practices, like those
16 Plaintiff exhibited here, constitute frivolousness and/or harassment of defendants, and therefore
17 count as a strike under section 1915(g). *See Gradford v. Gray*, No. 1:22-CV-01304-SAB, 2023
18 WL 2602271, at *fn. 1 (E.D. Cal. Mar. 22, 2023), report and recommendation adopted, No. 1:22-
19 CV-01304 JLT SAB, 2023 WL 3025217 (E.D. Cal. Apr. 20, 2023), citing to *Butler v. Dept. of*
20 *Justice*, 492 F.3d, 445–47 (D.C. Cir. 2007).

21       Further, cases construed as not being filed in good faith have been held to be the
22 equivalent to a finding of "frivolousness" contemplated under § 1915(g). *Gradford v. Gray*, 2023
23 WL 2602271, at *fn. 1, report and recommendation adopted, WL 3025217. The frivolous nature
24 of this case is apparent from Plaintiff's response to counsel's warning that she would seek
25 dismissal if he continued to be non-cooperative: "Do what you gotta do, I don't care. Fuck this
26 case." (RJN Ex. A-2 at 5.) The Court determined this showed knowledge of the potential
27 consequences of Plaintiff's actions. (*Id*. at 9.) Frivolousness was further evident when Plaintiff
28 stated, "Fuck your deposition. You can tell your bitch-ass judge I'm refusing to do the deposition

9

Defs.' Mem. P. & A. Supp. Mot. to Dismiss or, in the alt.,
Mot. for an Order Revoking Pl.'s *In Forma Pauperis* Status (2:23-cv-00903-KJM-SCR)

1  cause now you're fucking with me." (*Id*. at 2.)

2  Judgment was entered on March 23, 2022, dismissing for failure to state a claim. (Defs.'

3  RJN Ex. A-4.) Accordingly, this case qualifies as a strike under § 1915(g).

4           **2.**    **Strike Two: *Puckett v. Galindo et al.*, No. 1:18-cv-00955 (E.D. Cal.).**

5  The Court dismissed *Puckett v. Galindo et al.* because Plaintiff made an allegation of untrue

6  poverty. (Defs.' RJN Ex. B-2.) Plaintiff filed a motion to proceed *in forma pauperis* per 28 U.S.C

7  §1915(a), however the Court denied his application, finding Plaintiff clearly prioritized a number

8  of purchases and transactions over his obligation to pay the filing fee. ((Defs.' RJN Ex. B-2 at 1,

9  3.) The court noted that proceeding "*in forma pauperis* is a privilege not a right." (Defs.' RJN Ex.

10  B-2 at 2.) The Magistrate Judge recommended that Plaintiff's application to proceed IFP be

11  denied and that the action be dismissed without prejudice based on his untrue poverty allegations.

12  *Id*. at 4. On February 12, 2019, the District Judge adopted the findings and recommendations,

13  dismissed the case, and entered judgment against Plaintiff. (Defs.' RJN Exs. B-3 and B-4.)

14  A court may deem an action to be malicious in the context of the three strikes provision of

15  28 U.S.C §1915(g), if "it was filed with the intention or desire to harm another.*" Washington v.*

16  *Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016) (quoting *Andrews v. King,*

17  398 F.3d 1113, 1121 (9th Cir. 2005). "Bad faith in this context includes deliberate concealment of

18  income in order to gain access to a court without prepayment of filing fees." *Howell v. Konrad*,

19  No. 2:20-CV-2389 JAM DMC P, 2022 WL 2541700, at *1 (E.D. Cal. July 7, 2022), report and

20  recommendation adopted, No. 2:20-CV-02389 DAD DMC PC, 2022 WL 16856146 (E.D. Cal.

21  Nov. 10, 2022) (internal citations omitted). "To determine whether a plaintiff has acted in bad

22  faith a court may consider a plaintiff's familiarity with the [IFP] system and history of litigation."

23  *Id*. (quoting *Vann v. Comm'r of N.Y. City Dep't of Corr*., 496 F. App'x 113, 115 (2d Cir. 2012);

24  and citing *Thomas v. Gen'l Motors Acceptance Corp*., 288 F.3d at 306-07; *Mathis v. N.Y. Life Ins.*

25  *Co.*, 133 F.3d at 547-48 (per curiam)); *see also Witkin v. Thomas,* 2024 WL 584046, at *5.

26  Similar to *Witkin*, Plaintiff is very familiar with litigation and the IFP system and knowingly

27  provided false allegations of poverty. And, like *Witkin*, such action was malicious, as Plaintiff

28  filed this case with the intent or desire to harm another. *See Washington*, 833 F.3d at 1055. "If the

10

Defs.' Mem. P. & A. Supp. Mot. to Dismiss or, in the alt.,
Mot. for an Order Revoking Pl.'s *In Forma Pauperis* Status (2:23-cv-00903-KJM-SCR)

inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy ... than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor." (RJN Ex. B-2 at 3; citing to *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995), (*quoting Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987).) A bad faith untrue allegation of poverty is tantamount to defrauding the government, such that dismissal may be "the only feasible sanction for [such a] perjury designed to defraud the government." *Thomas*, 288 F.3d at 306-07. Certainly an attempt to defraud the government shows this action was malicious.

Accordingly, *Puckett v. Galindo et al.* is a strike under § 1915(g).

### 3.    Strike Three: *Puckett v. Mack et al*, No. 1:18-cv-01504 (E.D. Cal.).

The Court dismissed *Puckett v. Mack et al* due to Plaintiff's untrue poverty allegation. (Defs.' RJN Ex. C-2). The Court determined Plaintiff signed his complaint and the application to proceed IFP the same day that he spent $400 elsewhere. (*Id*. at 3.) He then filed suit the next day, after impoverishing himself. (*Id*.) The Court recommended dismissal. The District Judge adopted the findings and recommendations on February 4, 2019, and entered judgment the same day. (Defs.' RJN Exs. C-3, C-4).

This case is a strike per § 1915(g) because Plaintiff, once again, filed an untrue IFP application in bad faith. As described in more detail above, such an action is malicious. *See Washington*, 833 F.3d at 1055.

### 4.    Strike Four: *Puckett v. Steadman, et al.*, No. 1:13-cv-00834 (E.D. Cal.).

The Court dismissed *Puckett v. T.W. Steadman, et al.*, because the action was barred by *res judicata*, or claim preclusion. (Defs.' RJN Ex. D-2). The Court determined that Plaintiff was barred from pursuing this action due to the judgment in *Puckett v. Young, et al.*, Case No. 1:13-cv-00840-AWI-BAM. (Defs.' RJN Ex. D-2 at 4-8.) On December 4, 2015, the District Judge adopted the findings and recommendations, and dismissed the case, and entered judgment against Plaintiff. (Defs.' RJN Exs. D-3, D-4).

While a dismissal on res judicata, grounds may not automatically constitute a strike when considered among other factors for dismissal, a strike may be inferred. *Lamon v. Pfeiffer,* No.

11

Defs.' Mem. P. & A. Supp. Mot. to Dismiss or, in the alt.,
Mot. for an Order Revoking Pl.'s *In Forma Pauperis* Status (2:23-cv-00903-KJM-SCR)

1:20-CV-00896 AWI SAB PC, 2021 WL 3602144, at *4 (E.D. Cal. Aug. 13, 2021), report and recommendation adopted, No. 1:20-CV-00896 AWI SAB PC, 2021 WL 4442615 (E.D. Cal. Sept. 28, 2021); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1043 (9th Cir. 2016) ("An alternative ground for dismissal can create a strike when it is 'a fully sufficient condition… for a dismissal with prejudice.'") (citing *O'Neal v. Price*, 531 F.3d 1146, 1156 (9th Cir. 2008). Several different courts in the Eastern District of California have concluded that a dismissal based on res judicata may constitute a strike under the PLRA if the prior court's determination demonstrates that res judicata was a fully sufficient condition to warrant dismissal. *See, e.g., Lamon,* 2021 WL 3602144, at *4 (E.D. Cal. Aug. 13, 2021); *Ford v. Pierce*, No. 2:17-cv-01928 DB P, 2018 WL 6809563, at *3 (E.D. Cal. Dec. 27, 2018), report and recommendation adopted, No. 2:17-cv-01928-JAM DB P, 2019 WL 224221 (E.D. Cal. Jan. 16, 2019) (action barred by res judicata constituted a strike under the PLRA); *Cramer v. Dickinson*, No. 1:08-cv-00375-AWI-GSA-PC, 2013 WL 1192402, at *1 (E.D. Cal. Mar. 21, 2013), aff'd, 586 F. App'x 381 (9th Cir. 2014) (concluding dismissal with prejudice on res judicata claims constituted dismissal for failure to state a claim which qualified as a strike under the PLRA).

Here, the dismissal with prejudice in *Puckett v. T.W. Steadman, et al*. on res judicata grounds "rang the PLRA bells of frivolous, malicious, or failure to state a claim." *Lamon,* 2021 WL 3602144, at *4.

### B. Plaintiff Did Not Allege Imminent Danger of Physical Harm in His Complaint.

Three-strikes plaintiffs may nevertheless be eligible for IFP status if they plausibly allege that they are "under imminent danger of serious physical injury" when they filed their complaints. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("the [imminent-danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time"). For the exception to apply, the alleged danger must be "ongoing." *Andrews*, 493 F.3d at 1056–57. A district court may reject imminent-danger allegations that are conclusory or overly speculative. *See Andrews*, 493 F.3d at 1050 n.11.

12

Defs.' Mem. P. & A. Supp. Mot. to Dismiss or, in the alt.,
Mot. for an Order Revoking Pl.'s *In Forma Pauperis* Status (2:23-cv-00903-KJM-SCR)

Moreover, the imminent danger alleged must have a nexus to at least one of the plaintiff's claims, meaning that: "(1) the imminent danger of serious physical injury is fairly traceable to the unlawful conduct asserted in the complaint and (2) a favorable judicial outcome would redress that injury." *Thomas v. Ellis*, No. 12-CV-05563-CW (PR), 2015 WL 859071, at *3 (N.D. Cal. Feb. 26, 2015) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 299 (2nd Cir. 2009)); *see also Stine v. Fed. Bureau of Prisons*, No. 1:13-CV-1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) ("The Court agrees with *Pettus* that a natural reading of § 1915, § 1915(g), and the imminent danger requirement shows that at least one claim pursued must be connected to, and meant to redress, the imminent danger faced by the prisoner." (citing *Pettus*, 554 F.3d at 297)).

Here, Plaintiff did not allege he was in imminent danger of physical harm in his complaint (ECF No. 1), first amended complaint (ECF No. 9), or second amended complaint. (ECF No. 12.) Nor do the facts alleged lead to this interpretation. Plaintiff alleges that Defendants' refusal to remove the bite mask security precaution was in retaliation for filing lawsuits and inmate grievances and that he was denied due process. (*See* ECF No. 1, generally.) He does not allege that the mask security precaution itself presented an imminent danger of physical harm. (*Id.*) Even if the mask somehow did present an imminent danger of physical harm to Plaintiff, by the time Plaintiff filed suit, the security precaution was no longer in effect. (*See Id.* at 4 (stating that bite mask security precaution was in effect from 2018 through January 30, 2023).) Plaintiff cannot be in imminent danger involving a security precaution that was removed nearly four months before he filed suit. (*Compare* removal of mask on January 30, 2023 (ECF No. 1 at 4), to complaint filing date of May 15, 2023 (ECF No. 1); *see also* first amended complaint, ECF No. 9 at 3 (bite mask security precaution removed on January 31, 2023); *see also* second amended complaint, ECF No. 12 at 3 (same).)

### III. DEFENDANTS HAVE MET THEIR BURDEN OF PRODUCTION.

When moving to revoke a plaintiff's IFP status, a defendant bears the initial burden of producing evidence demonstrating that at least three of the plaintiff's previous lawsuits were dismissed as frivolous, malicious, or for failure to state a claim. *Andrews*, 398 F.3d at 1120. Once this burden is met, it is the plaintiff's burden to explain why a prior dismissal should not

13

Defs.' Mem. P. & A. Supp. Mot. to Dismiss or, in the alt.,
Mot. for an Order Revoking Pl.'s *In Forma Pauperis* Status (2:23-cv-00903-KJM-SCR)

constitute a strike. *Id*. If a plaintiff fails to meet this burden, his IFP status must be revoked under 28 U.S.C. § 1915(g). *Id*.

Here, the Court should revoke Plaintiff's IFP status and dismiss his complaint unless he pays the full filing fee because he has filed at least three actions that were dismissed as frivolous, malicious, or for failure to state a claim, as provided above. Additionally, Defendants have supplied the Court with the necessary documents to make this determination in their Request for Judicial Notice concurrently filed herewith.

## CONCLUSION

Plaintiff deceived the Court by actively diverting settlement funds, thus artificially impoverishing himself to take unfair advantage of the IFP privilege. Such bad faith entitles Defendants to dismissal of this action with prejudice.

In the alternative, Plaintiff's history of filing meritless, malicious, and frivolous actions in federal court, as evidenced by his four PLRA strikes, demonstrates that he is no longer entitled to the IFP privilege. Further, he does not, and cannot, allege imminent danger of physical injury in his complaints. Therefore, the Court should issue an order revoking Plaintiff's IFP status, require him to prepay the filing fee, and, in the event that he cannot do so, dismiss this case for failure to prosecute.

Dated: September 26, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
R. LAWRENCE BRAGG
Supervising Deputy Attorney General

***/s/ Andrea R. Sloan***
ANDREA R. SLOAN
Deputy Attorney General
*Attorneys for Defendants*
*J. Lynch, D. Baughman, J. Lozano, and C. Rojas*

SA2024302649
38431333.docx

14

Defs.' Mem. P. & A. Supp. Mot. to Dismiss or, in the alt.,
Mot. for an Order Revoking Pl.'s *In Forma Pauperis* Status (2:23-cv-00903-KJM-SCR)