UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | No. 2:23-cv-0903-KJM-SCR P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. Plaintiff's two motions for a preliminary injunction is before the court.[1] (ECF Nos. 34 & 37.) For the reasons set forth below, both motions should be denied.

**I.      Background**

In the operative second amended complaint, plaintiff alleges he was on an underground and "never heard" restriction to wear a bite mask for 1,632 days and that the defendants refused to lift the restriction because he files grievances and lawsuits. (ECF No. 12 at 3-4.) Plaintiff proceeds on a First Amendment retaliation claim against defendants Alfaro, Lynch, Rojas, Baughman, Lozano, and Diaz. (ECF No. 23.) Plaintiff also proceeds on a Fourteenth Amendment

---

[1] There are a number of other pending motions in this case, which the Court will address in due course by separate orders and/or findings and recommendations, as appropriate.

procedural due process claim against defendants Alfaro, Lynch, Rojas, Baughman, and Lozano. (Id.)

Plaintiff filed a motion for preliminary injunction on October 11, 2024 ("First PI Motion"). (ECF No. 34.) Plaintiff filed a second motion for preliminary injunction on October 28, 2024 ("Second PI Motion"). (ECF No. 37.) Defendants opposed the Second PI Motion and plaintiff filed a reply to that motion. (ECF Nos. 43, 45.)

## II. Legal Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Under another formulation of the test used in the Ninth Circuit, a likelihood of success is not an absolute requirement. Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Rather, the plaintiff shows serious questions are raised and the balance of hardships tips in plaintiff's favor. Drakes Bay Oyster Co. v. Jewell, 747 F.3d 1073, 1085 (9th Cir. 2014). "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc., v. Chronicle Pub. Co., Inc., 762 F.2d 1374, 1376 (9th Cir. 1985). "A preliminary injunction is an extraordinary remedy [that] may be awarded only upon a clear showing that the movant is entitled to relief." Winter, 555 U.S. at 24.

Under the court's local rules,

> All motions for preliminary injunction shall be accompanied by (i) briefs on all relevant legal issues to be presented by the motion, (ii) affidavits in support of the motion, including affidavits on the question of irreparable injury, and (iii) a proposed order with a provision for a bond. See L.R. 230, 151.

Local Rule 231(d).

## III. Discussion

It is unclear precisely what plaintiff's First PI Motion concerns. It states that "CDCR main office" placed plaintiff on "the same restriction without the same extreme injury and they're aware I'm suing CDCR." However, plaintiff does not identify what that "restriction" is. However,

2

1  Plaintiff elsewhere in the First PI Motion seeks the removal of "bite mask/spit mask precautions,"
2  and so the Court construes this as a motion seeking an order preventing CDCR from forcing him
3  to wear a bite mask and/or spit guard.

4  Plaintiff's Second PI Motion states he is on hunger strike due to being again placed on a
5  bite mask restriction which causes inmates to call plaintiff a rapist and sex offender and make fun
6  of him, which puts his life in danger. (ECF No. 37 at 1.) Plaintiff is on hunger strike "until this
7  retaliatory action stop and unwanted fear and depression stop[.]" (Id.) Plaintiff asks the court to
8  review "ISU" body camera footage as proof to show his claim. (Id.)

9  In defendants' opposition to the Second PI Motion, they submit evidence that plaintiff's
10 bite mask precaution was reinstated by non-defendant CDCR officials on October 4, 2024. (ECF
11 No. 43-1.) According to defendants' evidence, the bite mask restriction was resumed because of
12 multiple recent incidents where plaintiff violently attacked staff. (Id.)

13 The legal framework for plaintiff's retaliation and due process claims is set out in the
14 court's screening order of May 1, 2024. (ECF No. 14.) Plaintiff fails to demonstrate he is likely to
15 succeed on the merits of either of those claims. A motion for preliminary injunction must be
16 supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." Fidelity
17 Nat. Title Ins. Co. v. Castle, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright &
18 Miller, Federal Practice & Procedure § 2949 (2011)). Plaintiff, as the moving party, bears the
19 burden of establishing the merits of his or her claims. See Winter, 555 U.S. at 20.

20 Plaintiff does not furnish the court with evidence in support of the motions. By contrast,
21 defendants presented evidence alleging a series of attacks by plaintiff against CDCR staff in
22 2024, including allegations that plaintiff attempted to bite staff and spit on them during some of
23 these attacks. (ECF 43-1 at 3-4.) The merit of plaintiff's claims will depend on resolution of
24 disputed factual issues concerning CDCR's justification for requiring plaintiff to wear a bite
25 mask. On the current record, Plaintiff has not shown a likelihood of success on the merits.

26 Likelihood of success on the merits is the most important Winter factor, and it is relevant
27 to the court's evaluation of the other factors. See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir.
28 2023). Without showing a likelihood of success on the merits, plaintiff also does not establish that

the balance of equities tips in his favor, or that an injunction is in the public interest. See id.; Winter, 555 U.S. at 20.

### IV.     Conclusion and Recommendation

For the reasons set forth above, IT IS RECOMMENDED that plaintiff's motions for a preliminary injunction (ECF Nos. 34 & 37) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 27, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE