UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF LYNCH, et al.,<br><br>    Defendants. | No.  2:23-cv-0903 KJM SCR P<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

There are several motions before the court, including defendants' motion to dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(A).  (ECF No. 32.)  Because plaintiff has persistently manipulated the IFP application process, the undersigned recommends defendants' motion be granted and that this action be dismissed with prejudice.

Granting dismissal dictates that the other pending motions be denied.  Accordingly, the undersigned also recommends that plaintiff's motion to amend his SAC (ECF No. 29), defendants' request for screening of the third amended complaint ("TAC") (ECF Nos. 30-31), plaintiff's motion for summary judgment (ECF No. 42), and plaintiff's motion for default judgment (ECF No. 50) be denied as moot.

1

**DEFENDANTS' MOTION TO DISMISS**

The previously assigned magistrate judge determined plaintiff's declaration made the showing required by 28 U.S.C. § 1915(a) and granted plaintiff's motion to proceed in forma pauperis ("IFP"). (ECF No. 5.) Defendants now seek dismissal of this action with prejudice for a false declaration of poverty, 28 U.S.C. § 1915(e)(2)(A), or, in the alternative, revocation of plaintiff's IFP status pursuant to the Prison Litigation Reform Act's "three strikes" provision, 28 U.S.C. § 1915(g). (ECF No. 32.)

Section 1915(e)(2)(A) reads: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the allegation of poverty is untrue." They allege that plaintiff diverted settlement award funds to his sister Shakneka Babb and another individual to impoverish himself and conceal his asserts from the court when seeking IFP status in this case. (ECF No. 32-1 at 1.) Defendants' motion further alleges that plaintiff, a frequent litigant, exhibits a pattern of manipulating the IFP process and had a past case dismissed for untrue declaration of poverty. See Puckett v. Mack, No. 1:18-cv-00955-SKO (PC), 2019 WL 175062 (E.D. Cal. Jan. 11, 2019), report and recommendation adopted, No. 1:18-cv-00955-LJO-SKO (PC), 2019 WL 13549176 (E.D. Cal. Feb. 12, 2019) (dismissing under § 1915(e)(A)(2) where plaintiff had sufficient funds to pay the filing fee but pursued IFP status instead); (RJN, Exh. B-2, ECF No. 42-45, and Exh. B-3, ECF No. 47-48). Drawing connections between deposits and withdraws from plaintiff's trust account and the filing dates of his various lawsuits, defendants assert that plaintiff "continually moves money around to impoverish himself before filing suits" so he can take advantage of the IFP privilege. (ECF No. 32-1 at 4.)

Plaintiff filed a one-page response opposing defendants' motion on grounds that the court is "aware of all my settlements and trust account status" and that he is indigent. (ECF No. 33 at 1.) Plaintiff further asserts that his sister has "nothing to do with this lawsuit." (Id.) In their reply, defendants argue that plaintiff's opposition does not dispute receipt of the settlement funds or any of the transfers discussed in their motion to dismiss. (ECF No. 36 at 2.) The court

2

considers plaintiff's one-page sur-reply (ECF No. 40),[1] in which plaintiff claims the court and Attorney General's Office "are well aware" of plaintiff and would have "brought it up long ago" if something was wrong. (Id.)

A fellow judge of this Court aptly summarized the standard of review in motions to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(A) as follows:

> Courts have not been totally uniform in their application of § 1915(e)(2)(A), but a close reading of the cases applying the statute reveals consistent considerations guiding the courts' analyses. The U.S. Court of Appeals for the Ninth Circuit provided a starting point in [Escobedo v. Applebees, 787 F.3d 1226, 1234 n.8 (9th Cir. 2015)], stating that, to dismiss a complaint under § 1915(e)(2)(A), the court must find that the allegation of poverty was not just inaccurate, but made in bad faith. Consistent with that approach, other courts have concluded that, where the allegation of poverty is untrue but there is no showing of bad faith, the court should impose a lesser sanction than outright dismissal with prejudice, for example, revoking IFP and provide a window for the plaintiff to pay the filing fee, or dismissing without prejudice. […] These cases reveal that the essential questions before the court are: (1) was plaintiff's allegation of poverty untrue and, if so, (2) did plaintiff submit the untrue IFP application in bad faith?

Witkin v. Lee, No. 2:17-cv-0232-JAM-EFB P, 2020 WL 2512383, at *3-5 (E.D. Cal. May 15, 2020), report and recommendation adopted, No. 2:17-cv-0232-JAM-EFB P, 2020 WL 4350094 (E.D. Cal. July 29, 2020). The court will address these two essential questions in turn.

### A. Was Plaintiff's Allegation of Poverty Untrue?

Plaintiff sought IFP status using the Eastern District of California's prisoner civil rights IFP application. See U.S. District Court, Eastern District of California (2025), Civil Forms, https://www.caed.uscourts.gov/caednew/assets/File/New%20IFP%20Form.pdf. The form's third question asks applicants whether they have received any money over the last twelve months and lists possible sources. Plaintiff replied "yes" only under "Re Gifts or inheritances," explaining "I receive about $25.00 dollars a month as a gift of support from my Aunt. Occasionally others will send money." (ECF No. 2 at 1.) Plaintiff's application declares $2.37 in cash but no other assets and no persons dependent on him for support. (Id. at 2.) Plaintiff signed the IFP application, which includes the attestation "I answer the following questions under penalty of perjury," on

---

[1] Plaintiff has requested leave to file the sur-reply. (ECF No. 40.) Sur-replies are generally prohibited under Local Rule 230(m). However, because defendants have not objected or moved to strike, the Court grants plaintiff's motion and will consider the sur-reply.

1  May 7, 2023, and filed it on May 15, 2023. (Id. at 1-2.) As part of plaintiff's IFP application, the
2  California Department of Corrections and Rehabilitation (CDCR) produced a trust account
3  statement report reflecting transactions occurring between December 1, 2022, and May 11, 2023.
4  (ECF No. 4.)

5  Defendants present evidence that plaintiff received $4,000 from an August 2021
6  settlement agreement in Puckett v. Barrios, et al., No. 1:20-cv-01405-NONE-BAM (PC) (E.D.
7  Cal.). (Declaration of Andrea R. Sloan ("Sloan Decl."), Exh. A, ECF No. 32-2 at 4.) Under the
8  agreement, CDCR was to deposit the $4,000 in plaintiff's trust account no more than 180 days
9  after August 11, 2021. (Id. at 5.) Plaintiff's trust account statement report shows that CDCR
10 deposited the settlement funds in his trust account on December 3, 2021. (Declaration of S.
11 Saunders ("Saunders Decl."), Exh. A, ECF No. 32-3 at 8.)

12 The evidence then shows that plaintiff transferred $2,500 to Shakneka Babb on December
13 23, 2021. (Saunders Decl., Exh. A, ECF No. 32-3 at 8.) Defendants have offered evidence from
14 plaintiff's case record showing that Ms. Babb is his sister. (Declaration of P. Williams, Exh. A,
15 ECF No. 32-4 at 4.) On June 7, 2022, less than a year before plaintiff signed and filed his IFP
16 application in the present case, Ms. Babb transferred $2,500 back to his trust account. (Saunders
17 Decl., Exh. A, ECF No. 32-3 at 11.) That deposit brought the balance of plaintiff's trust account
18 to $3,241.89. (Id.) Defendants present further evidence that plaintiff transferred $2,000 to his
19 sister on July 1, 2022, and $480 to a Marilyn Smith on August 16, 2022. (Id. at 12.) Those
20 withdraws, along with a $402 federal court filing fee for another matter also paid on August 16,
21 2022, brought plaintiff's trust account balance to $143.99. (Id.)

22 Plaintiff claimed in his IFP application filed on May 15, 2023, that in the last year he had
23 only received "about $25.00 dollars a month" from his aunt and that "[o]ccasionally others will
24 send money." (ECF No. 2 at 1.) The $2,500 deposit he received on June 7, 2022, however,
25 shows that this was not true. Regardless of whether the $2,500 sum deposited by his sister was
26 from the August 2021 settlement award or some other source, plaintiff did not report it on his IFP
27 application.
28 ////

In his opposition, plaintiff claims that the court is "aware of all my settlements and trust account status." (ECF No. 33 at 1.) But the court was in fact not aware of the June 7 payment in plaintiff's trust account; it did not appear on the trust account statement report submitted with plaintiff's IFP application because it took place outside of the required six-month time frame. (See ECF No. 4.) Thus, the court determines that plaintiff's declaration of poverty was untrue. See Jackson v. Pfeiffer, No. 1:21-cv-00452-JLT-CDB, 2024 WL 519742, at *4 (E.D. Cal. Feb. 9, 2024) (finding plaintiff made untrue allegations of poverty where he failed to report on his IFP application settlement funds received in the past 12 months), report and recommendation adopted, No. 1:21-cv-00452-JLT-CDB, 2024 WL 1932164 (E.D. Cal. May 2, 2024).

### B. Did Plaintiff Submit the Untrue IFP Application in Bad Faith?

As evidence of bad faith, defendants point to a series of transactions that plaintiff, an experienced litigant, made to allegedly deceive this and other courts and take advantage of the IFP privilege. Defendants request judicial notice of dockets and other public records from six of plaintiff's other lawsuits, all filed in the Eastern District of California: (1) Puckett v. Liu, et al., No. 2:19-cv-02437-TLN-CKD (E.D. Cal.); (2) Puckett v. Galindo et al., No. 1:18-cv-00955-JLT-SKO; (3) Puckett v. Mack, et al., No. 1:18-cv-01504-JLT-CDB (E.D. Cal.); (4) Puckett v. Steadman, et al., No. 1:13-cv-00834-DAD-SKO (E.D. Cal.); (5) Puckett v. Heath, et al., No. 2:22-cv-00476-DJC-CKD (E.D. Cal.); and (6) Puckett v. Caitlin, et al., No. 2:23-cv-00210-JDP (E.D. Cal.). (ECF No. 32-5). The court grants defendants' request. Fed. R. Evid. 201(b); Harris v. County of Orange, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (courts may take judicial notice of "documents on file in federal or state courts").

Defendants' arguments require some connecting of dots. First, defendants argue that plaintiff made the $2,500 transfer to his sister on December 23, 2021, for the purpose of impoverishing himself before filing Puckett v. Heath on March 14, 2022. Ms. Babb then redeposited the money on June 7, 2023, less than one month after the court in Heath granted plaintiff's IFP application. (RJN, Exh. E-1, ECF No. 32-5 at 90-91.) Defendants argue that plaintiff then made the transfers to Ms. Babb and Ms. Smith on July 1, 2022, and August 16, 2022, respectively, to impoverish himself before filing Puckett v. Caitlin, et al., on February 3,

5

2023, and ensuring that the transfers to Ms. Babb and Ms. Smith did not appear on the six-month trust account statement submitted with plaintiff's IFP application in <u>Caitlin</u> filed on March 1, 2023.² (<u>See</u> RJN, Exh. F-1, ECF No. 32-5 at 101.) Plaintiff then filed the instant action on May 15, 2023, while still impoverished from the aforementioned transfers to Ms. Babb and Ms. Smith. Had plaintiff not divested these funds, defendants conclude, he would have had sufficient funds to pay the filing fees in all three cases. (ECF No. 32-1 at 5.)

"Courts that have declined to dismiss an action under § 1915(e)(2)(A) have generally based their decisions on the actual poverty of the plaintiff, despite a technical inaccuracy in the IFP application, and the absence of a showing of bad faith. […] On the flip side, courts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith. <u>Witkin</u>, 2020 WL 2512383, at *3-4 (collecting cases).

Defendants rely on several cases where plaintiffs diverted settlement funds to family members in the period leading up to their IFP applications. In <u>Roberts v. Beard</u>, No. 15-cv-1044-WQH-RBM, 2019 WL 3532183 (S.D. Cal. Aug 2, 2019), the plaintiff received a $3,000 settlement award on October 21, 2014, transferred $2,000 to his sister on the same day, and used the remainder to pay outstanding court filing fees. (<u>Id.</u> at *3-12.) On April 14, 2015, the plaintiff submitted an IFP application indicating that he had not received any money from any other sources in the prior twelve months. (<u>Id.</u>) When the defendants sought dismissal under § 1915(e)(A)(2), the plaintiff claimed he had forgotten about the $3,000 settlement, had not

---

² Defendants did not request judicial notice of plaintiff's two IFP applications in <u>Caitlin</u>, only the docket. The court, however, takes judicial notice of them sua sponte. <u>See</u> Fed. R. Civ. P. 201; <u>GemCap Lending, LLC v. Quarles & Brady, LLP</u>, 269 F. Supp. 3d 1007, 1020 (C.D. Cal. 2017), aff'd sub nom. <u>GemCap Lending I, LLC v. Quarles & Brady, LLP</u>, 787 F. App'x 369 (9th Cir. 2019). The first application dated March 1, 2023, does reflects the $480 transfer to Ms. Smith, but the second application dated March 20, 2022, does not. The court granted the second IFP application and denied the first as moot. (<u>See</u> RJN, Exh. F-1, ECF No. 32-5 at 101.)

benefitted from it, and no longer had the money at the time of his application. (Id. at *10.) The court rejected these claims as not credible based on the plaintiff's extensive litigation history and familiarity with the IFP process. (Id. at *7-11 (quoting Vann v. Comm'r of the N.Y.C. Dep't of Corr., 496 F. App'x 113, 116 (2d Cir. 2012)).)

Similarly, in Martinez v. Baughman, No. 1:19-cv-01459-DAD-JLT-PC, 2021 WL 5921463 (E.D. Cal. Dec. 15, 2021), report and recommendation adopted, No. 1:19-cv-01459-ADA-BAK (BAM) (PC), 2022 WL 4072682 (E.D. Cal. Sept. 2, 2022), aff'd, No. 22-16750, 2024 WL 1300001 (9th Cir. Mar. 27, 2024), the court found bad faith where a plaintiff declared he had not received any money in the previous year despite receiving settlement awards totaling $7,500 and diverting them to his mother before filing suit. The court relied on the fact the plaintiff was an experienced litigator, having filed and obtained IFP status in at least 10 civil rights cases. (Id. *2 (citing Vann, 496 F.App'x at 116; Witkin, 2020 WL 2512383 at *6.)

Finally, in Jackson, 2024 WL 519742, the plaintiff had a trust account balance of over $2,000 after receiving a large settlement award just over six months before filing suit. The plaintiff, however, failed to disclose these funds in his IFP application. The court determined that the plaintiff's failure to disclose those funds was "deceptive" and that his subsequent expenditures and diversion of those funds to two individuals just over six months from the filing was for the purpose of appearing "worthy of IFP status." (Id. at *4-5.)

Here, the court is unable to distinguish plaintiff's actions from the above cases finding bad faith. The record is clear that plaintiff received a $2,500 deposit from his sister on June 7, 2022, within 12 months of filing his complaint but did not disclose it on his IFP application. As in Jackson, plaintiff then divested those assets so that they did not appear on the six-month trust account statement report submitted with his IFP application and were not available to pay the filing fee. A total of $2,500 in assets is more than sufficient to pay these fees. See Kennedy v. Huibregtse, 831 F.3d 441 (7th Cir. 2016) (granting motion to dismiss under § 1915(e)(2)(A) where plaintiff's entire $2,000 in assets were available to him to pay the filing fee because the prison paid for his food, clothing, shelter, and medical care).

////

1    Further, that plaintiff is an experienced litigant – the court's docket query shows he has
2    filed 34 federal civil rights actions – and has familiarity with the IFP process, including a past
3    case dismissed pursuant to § 1915(e)(2)(A), Puckett v. Mack, *supra*, make it more likely that his
4    failures to disclose were intentional. See Martinez, 2021 WL 5921462, at *2 ("That [litigation]
5    experience, plus the timeline of relevant events in this action, shows plaintiff's deceptive
6    conduct." (quoting Witkin, 2020 WL 2512383, at *6)).  Finally, plaintiff's failures to
7    meaningfully respond to defendants' motion or explain his transfers to Ms. Babb and Ms. Smith
8    are relevant to the court's inquiry. See Vann, 496 F.App'x at 116 (citing plaintiff's failures to
9    respond to defendant's arguments and provide a "credible justification" for omitting income in his
10   IFP application as evidence of bad faith).  Taken together, the court concludes that plaintiff
11   intentionally, and in bad faith, withheld assets to obtain IFP status.

12   The present case is also distinguishable from oft-cited cases where courts declined to
13   attribute the concealment of settlement funds to bad faith.  In Hammler v. Alvarez, No. 18-cv-
14   326-AJB-WVG, 2019 WL 549627, at *2 (S.D. Cal. Feb. 13, 2019), the court excused plaintiff's
15   failure to disclose over $1,000 in settlement funds because he immediately used all of the funds to
16   pay restitution fines.  Here, plaintiff's trust account statement shows that he paid no such fines in
17   the period between receiving $2,500 from his sister on June 7, 2022, and transferring those funds
18   back on July 21, 2022, and August 16, 2022, respectively.  (See Saunders Decl., Exh. A, ECF No.
19   32-3 at 11-12.)  In Ruffin v. Baldwin, No. 18-cv-1774-NJR, 2018 WL 6266652, at *4 (S.D. Ill.
20   Nov. 30, 2018), the court declined to find bad faith in plaintiff's concealment of over $4,000 in
21   settlement funds received in the six months preceding the IFP application because the funds were
22   revealed on the accompanying trust account statement.  But here, again, plaintiff's funds did not
23   appear on the attached trust account statement report.  (See ECF No. 4.)

24   Dismissal is mandatory upon a showing of bad faith.  See 28 U.S.C. § 1915(e)(2)(A)
25   ("[T]he court *shall* dismiss the case at any time if the court determines that ... the allegation of
26   poverty is untrue.") (emphasis added); Howell v. Konrad, No. 2:20-cv-2389-JAM-DMC-P, 2022
27   WL 2541700, at *1 (E.D. Cal. July 7, 2022) ("Congress amended the statute in 1996 to substitute
28   the mandatory 'shall' for the permissive 'may' with regard to the court's authority and

8

1  responsibility to dismiss a case when the plaintiff's allegation of poverty is found to be untrue."
2  (citations omitted)), report and recommendation adopted, No. 2:20-cv-02389-DAD-DMC-PC,
3  2022 WL 16856146 (E.D. Cal. Nov. 10, 2022).  However, it is within the district court's
4  discretion whether to dismiss with or without prejudice.  Easterly v. Dep't of Army, No. CIV S-
5  083038 JAM-DAD-PS, 2010 WL 1233544, at *3 (E.D. Cal. Mar. 22, 2010) (citing Igbinadolor v.
6  TiVo, Inc., No. 1:08-cv-2580-RWS, 2009 WL 3253946, at *1 (N.D. Ga. Oct. 6, 2009)).
7  Accordingly, due to plaintiff's extensive manipulation of the IFP process, the court recommends
8  that the action be dismissed with prejudice.  Because it grants defendants' motion to dismiss
9  under § 1915(e)(2)(A), the court declines to rule on defendants' alternative motion to revoke
10 plaintiff's IFP status due to the accumulation of three strikes.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Request to file a sur-reply (ECF No. 40) is GRANTED.

In addition, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Motion to File a Third Amended Complaint (ECF No. 29) be DENIED as moot;

2. Defendants' Request for Screening (ECF No. 31) be DENIED as moot;

3. Defendants Motion to Dismiss Pursuant to 28 U.S.C. § 1915(e)(2)(A) (ECF NO. 32) be GRANTED with prejudice and Plaintiff's in forma pauperis status be revoked;

4. Plaintiff's motion for summary judgment (ECF No. 42) be DENIED as moot; and

5. Plaintiff's motion for default judgment (ECF No. 50) be DENIED as moot.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

////

////

specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 18, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE